STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GERI SHANE,**
**Claimant Below, Petitioner**

**vs.)    Nos. 12-0851, 13-0198, & 13-0689**

> (BOR Appeal Nos. 2046720, 2046753, 2047611, & 2048131)
> (Claim No. 2010119855)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Geri Shane, by M. Jane Glauser, her attorney, appeals three decisions of the West Virginia Workers' Compensation Board of Review.[1] Wheeling Hospital, Inc., by Jennifer B. Hagedorn, its attorney, filed a timely response.

This appeal arises from three Final Orders of the Board of Review. In its June 17, 2013, Order, the Board affirmed the January 25, 2013, Order of the Workers' Compensation Office of Judges which affirmed the claims administrator's July 24, 2012, decision denying authorization for an orthopedic consultation and local injections of DepoMedrol and Xylocaine. In its January 29, 2013, Order, the Board affirmed the August 17, 2012, Order of the Office of Judges, which affirmed the claims administrator's May 31, 2012, decision denying an MRI of the brain with contrast, an EEG, and ten psychiatric sessions. In its June 22, 2012, Order, the Board affirmed December 15, 2011, and November 29, 2011, Orders of the Office of Judges. In the December 15, 2011, Order, the Office of Judges affirmed the claims administrator's May 12, 2010, decision granting Ms. Shane a 0% permanent partial disability award. In the November 29, 2011, Order, the Office of Judges affirmed the claims administrator's July 8, 2011, decision rejecting the addition of cervical strain as a compensable condition of the claim. The Office of Judges also affirmed the claims administrator's May 6, 2011, decision denying additional diagnostic testing and treatment, and rejecting the addition of impingement syndrome and aggravation of AC joint

---

[1] On February 28, 2013, Ms. Shane requested that the Court consolidate appeal Nos. 12-0851 and 13-0198. Upon consideration the Court granted her motion and consolidated the two appeals. On July 12, 2013, Ms. Shane requested that the Court further consolidate appeal No. 13-0689 with the prior appeals. On August 15, 2013, the Court granted Ms. Shane's request.

1

as compensable conditions of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Shane worked as a nursing assistant at Wheeling Hospital. On January 2, 2010, she was pushing a patient on a cart when she felt a pop in her right shoulder. The claims administrator held her claim compensable for a right shoulder strain and a thoracic strain. Following her injury, Ms. Shane sought treatment from Derrick Eddy, M.D., for her shoulder strain. She also complained of pain in her upper back and neck. But Dr. Eddy found that Ms. Shane's account of her symptoms was not consistent. Dr. Eddy also found that an MRI of Ms. Shane's shoulder and cervical spine appeared relatively normal. Chris Martin, M.D., then performed an independent medical evaluation of Ms. Shane. Dr. Martin found that Ms. Shane had reached the maximum degree of medical improvement and required no additional treatment for her compensable conditions. Dr. Martin noted several inconsistencies in Ms. Shane's account of her injuries, and he was unable to explain Ms. Shane's current symptoms based on the allowed conditions. Dr. Martin found that there were no objective signs of abnormalities. Dr. Martin then recommended a 0% permanent partial disability award for Ms. Shane's right shoulder and thoracic injuries based on the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993).

On May 12, 2010, the claims administrator granted Ms. Shane a 0% permanent partial disability award based on Dr. Martin's report. Ms. Shane then came under the care of Kumar Amin, M.D., who believed that she had developed impingement syndrome and performed surgery on Ms. Shane's right shoulder. The surgery was not authorized by the claims administrator, and on May 6, 2011, the Office of Judges denied a request to reopen the claim for additional diagnostic testing and treatment. The claims administrator also denied a request to add impingement syndrome and aggravation of AC joint as compensable conditions of the claim. On July 8, 2011, the claims administrator also denied a request to add cervical strain as a compensable condition of the claim. On November 29, 2011, the Office of Judges modified the claims administrator's May 5, 2011, decision to reflect that the denial was because the requested treatment was related to a non-compensable condition. The Office of Judges then affirmed the claims administrator's May 6, 2011, and July 8, 2011, decisions. On December 15, 2011, the Office of Judges also affirmed the May 12, 2010, claims administrator's decision. The Board of Review then affirmed both Orders of the Office of Judges on June 22, 2012, leading Ms. Shane to appeal in Case No. 12-0851.

Ms. Shane then came under the care of Amrik S. Chattha, M.D., who found that she had daily headaches as well as mild depression. Dr. Chattha requested an MRI of Ms. Shane's brain without contrast and an EEG in order to rule out any structural basis for Ms. Shane's symptoms.

2

Dr. Chattha also requested authorization for ten psychiatric sessions. On May 31, 2012, the claims administrator denied Dr. Chattha's request because the treatments were not related to compensable conditions of the claim. On August 17, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on January 29, 2013, leading Ms. Shane to appeal in Case No. 13-0198.

Dr. Chattha also noted that Ms. Shane had ongoing pain in her right shoulder. Dr. Chattha recommended that Ms. Shane receive a consultation with an orthopedic physician. He further believed that Ms. Shane could benefit from local injections of DepoMedrol and Xylocaine. Dr. Chattha related these treatments to Ms. Shane's periarthritis, frozen shoulder, and ruptured shoulder ligament. On July 24, 2012, the claims administrator denied Dr. Chattha's request for an orthopedic consultation and injections. On January 25, 2013, the Office of Judges affirmed the claims administrator's decision. The Board of Review then affirmed the Order of the Office of Judges on June 17, 2013, leading Ms. Shane to appeal in Case No. 13-0689.

In its November 29, 2011, Order, the Office of Judges concluded that the cervical conditions were not part of the January 2, 2010, injury. The Office of Judges found that a preponderance of the evidence supported denying the additional components because there were no objective findings of cervical impairment. The Office of Judges pointed out that Dr. Martin found that Ms. Shane had sustained a minor injury and that the MRI taken of her cervical spine appeared to be normal. The Office of Judges also concluded that the requested treatment for Ms. Shane's cervical condition was unrelated to her compensable shoulder strain. The Office of Judges found that the requested treatment and testing were related to Ms. Shane's cervical problems. The Office of Judges found that Dr. Martin believed that Ms. Shane had reached the maximum degree of medical improvement and would not derive any benefit from further treatment of her shoulder.

In its December 15, 2011, Order, the Office of Judges concluded that Ms. Shane had no impairment for her compensable shoulder strain. The Office of Judges pointed out that Dr. Martin had found no objective abnormalities in his testing or physical examination of Ms. Shane. The Office of Judges found Dr. Martin had recommended no permanent partial disability award based on the American Medical Association's *Guides*. The Office of Judges found that Ms. Shane did not submit any evidence of greater impairment but merely claimed that Dr. Martin's assessment was premature. The Office of Judges found Ms. Shane had reached the maximum degree of medical improvement with respect to her compensable injury. In its June 22, 2012, Order, the Board of Review adopted the findings of the Office of Judges and affirmed both Orders.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges in Case No. 12-0851. Ms. Shane has not demonstrated that the requested additional conditions are causally related to her compensable injury. There is no objective evidence in the record showing that Ms. Shane sustained a neck injury in the course of and resulting from her employment and Ms. Shane's subjective complaints are not sufficiently consistent to justify adding the conditions as compensable components of the claim. Ms. Shane has also not shown that the requested treatments and testing are medically related and reasonably necessary to treat

her compensable injury. The evidence in the record shows that the requested treatments are related to Ms. Shane's cervical spine and not any compensable condition of this claim. Finally, Ms. Shane has not shown that she sustained any permanent impairment relating to her compensable injury. The only evidence of permanent impairment in the record is the report of Dr. Martin who recommended a 0% permanent partial disability award. There is no evidence in the record showing that Dr. Martin's report was not reliable or that the Office of Judges violated its discretion in relying on it.

In its August 17, 2012, Order, the Office of Judges concluded that an MRI of the brain with contrast, an EEG, and ten psychiatric sessions were not medically related and reasonably required to treat Ms. Shane's compensable conditions. The Office of Judges found that Ms. Shane sustained a compensable injury to her right shoulder and that the allowed conditions of the claim were a sprain of the right shoulder and a thoracic sprain. The Office of Judges found that the requested treatments were for chronic headaches and depression, which were not compensable conditions of the claim. In its January 29, 2013, Order, the Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges in Case No. 13-0198. Ms. Shane has not demonstrated that the requested diagnostic tests and psychiatric sessions are medically related and reasonably required to treat her compensable injury. Ms. Shane has not presented any evidence that the requested testing and treatment are related to a condition of the claim. The only evidence supporting Ms. Shane's request is the opinion of Dr. Chattha. However, Dr. Chattha did not relate the request for an MRI, EEG, or psychiatric sessions to a compensable condition. Instead, he related the request to Ms. Shane's ongoing headaches and depression.

In its January 25, 2013, Order, the Office of Judges concluded that a referral to an orthopedic specialist and authorization for injections were not medically related and reasonably required medical treatment for Ms. Shane's compensable injury. The Office of Judges found that Ms. Shane sustained a minor injury which should have resolved. The Office of Judges noted that Dr. Martin could not find any objective abnormalities to support her subjective complaints. The Office of Judges further found that Ms. Shane's credibility was weakened by the inconsistencies in her physical examinations. In its June 17, 2013, decision, the Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges in Case No. 13-0689. Ms. Shane has not demonstrated that the requested orthopedic referral and injections are medically related and reasonably required to treat her compensable injury. Ms. Shane received a right shoulder strain which Dr. Martin found had resolved by April 26, 2010. Dr. Martin also found that Ms. Shane would not require any additional treatment related to her compensable injury. She subsequently underwent arthroscopic surgery on the right shoulder which was not authorized under this claim. The evidence Ms. Shane has presented is insufficient to show that her current symptoms and need for the requested referral and injections are related to her compensable injury. Although Dr. Chattha requested authorization for the

4

referral and injections under this claim, he did not provide any medical evidence to relate the request to the compensable injury.

For the foregoing reasons, we find that the decisions of the Board of Review are not in clear violation of any constitutional or statutory provision, nor are they clearly the result of erroneous conclusions of law, nor are they based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decisions of the Board of Review are affirmed.

Affirmed.

**ISSUED:   March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum